In The United States District Court
For The Southern District of West Virginia
Bluefield

pg 1

GARY HANCOCK,
   Plaintiff

V.                                          Case # 1:20-CV-00483

UNITED STATES
   Defendant

## Amended Complaint

Comes now the plaintiff, Pro Se, Filing this civil action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), alleging medical negligence and malpractice by prison medical personell at the Federal Correctional Institution (FCI) in McDowell (County), West Virginia.

## PLRA Exhaustion Requirement

1. The plaintiff has exhausted Administrative Remedies as required by the FTCA and the PLRA. Tort Claim No. TRT-MXR-2019-07192 was denied by the F.B.O.P. Mid Atlantic Regional Office on April 16, 2020.

## Certificate Of Merit Requirement

2. At the time plaintiff filed the original complaint,

2

up until the present moment, plaintiff has had no access to Materials to research state law. The only way plaintiff (I) knew about the MPLA requirement was from a document filed by defendants in my civil action Hancock v. Rickard, in this Court. Likewise, that was the only way I knew about the "notice of claim requirement", and did not know that the notice of claim must be sent certified Mail with return reciept.

I still believe that the negligence in this case meets the exception to the certificate of Merit rule because the negligence in this case is so obvious that a lay person can easily understand that a nurse and pharmacist giving a patient the wrong Medication falls below the Standard of Care.

## Facts

3. During the Months of December 2017 through April 2018. I was housed in the special Housing Unit (SHU) at FCI McDowell.

4. A large portion of My Medical records can be viewed on the docket, in a case that could likely be related to this one. See Gary Hancock v. Nancy Smith, et al., Case # 7:20-CV-00225, Western District of Virginia, Roanoke, ECF Document # 7-4; and Doc # 53-1

3

5. During the Month of January 2018, Plaintiff Complained to Medical Staff of Complications with his seizure disorder and depression. Medications were ordered for the plaintiff on January 25, 2018 (See Smith, ECF# 7-4, pg. 128). Levitiracetam was ordered for seizures and Sertraline for depression.

6. Starting on January 30, 2018, Plaintiff was given the wrong/incorrect Medication. See Smith Docket Entry # 22-1, pages 56-57, instant Civil action. These two pages are the Medication Administration Record for the time period that plaintiff Was given incorrect Medication..

The records show that at 0600, 1 pill was taken by plaintiff on 1/30/2020, and another was taken at 1700. The records go on to show that another pill was taken at 0600 on 1/31/2020. At this time plaintiff Complained to the nurse that he believed his medication was wrong because the pill was bright orange in Color (matching My orang SHU clothing almost exactly). The nurse at the time, Mr. Walters, assured plaintiff that the Medication was Correct, and that Colors Could Vary.

Medical records go on to show that two more doses of the incorrect Medication were ingested by plaintiff at 1700 on 2/4/2018 and at 0600 on 2/5/2018, For a total of Five (5) doses of the incorrect Medication.

4

7. After the first pill was ingested, Plaintiff began to experience adverse symptoms and side-effects that gradually worsened after each dose, to include: light-headedness/faint, stomach pain, headaches, diarrhea, jaundiced/yellowed skin, pale stools, itching over entire body (no rash), and heart palpitations. (wrong meds intensified pre-existing heart palpitations)

8. After third dose of medication, Medical records show that I refused to take the wrong medication until February 4 and 5, 2018, when two more doses were ingested.

9. Document # 22-1 (Medical Records) page 39-40 shows that I complained to nurse of being jaundiced nearly two weeks after ingesting the wrong medication (Levequin).

10. Nurse Walters failed to document my complaints of side effects prior to refusing medication.

11. On 2/5/2018 Nurse, Mr. Alexander, was delivering afternoon medications to inmates in SHU. I was prepared to take the wrong meds again hoping that the side effects would diminish after I got used to the meds. Mr. Alexander then told me that

5

he had no medication for me, and that I had been taking the wrong medication, Levequin. Alexander said that on the outside of the bottle the proper medication (Levitiracetam) was indicated; but on the inside of the bottle there was a small paper/document saying that the medication was actually Levequin.

12. Nurse Walters told me that the pharmacist who filled the prescription was at fault (as stated in the SF-95 form to the agency /FBOP).

### Claims For Relief

13. The actions of the FBOP pharmacist, in filling ~~who filled~~ my prescription with the incorrect medication fell below the "standard of care" for a pharmacist, based on well established law on the standard of care for a pharmacist, and constituted the torts of Medical Negligence and Malpractice.

14. The actions of Nurse Walters in giving me the wrong medication, without checking paperwork in the bottle to ensure medication was correct, constituted the torts of Medical negligence and Malpractice.

6

15. The actions of ~~of~~ nurse N. Dufour in giving Me the wrong Medication at 17:00 on 2/4/2018 (See ECF# 22-1, pg. 57), Constituted the tort of Medical Negligence.

16. The actions of Nurse R. Alexander in giving Me the wrong Medication at 06:00 on 2/5/2018 (See ECF# 22-1, Pg 57) Constituted the tort of Medical Negligence.

<u>Relief Requested</u>

The Plaintiff requests relief in the Form of Monetary damages For the physical, Mental/emotional injuries suffered From ingesting the incorrect Medication For several days. Plaintiff requests damages amounting:

$ 250,000.00

I declare under penalty of perjury that the foregoing is True and Correct.

5/31/2021

Gary Hancock 56765-037
United States Penitentiary
P.O. Box 1002
Thomson, IL 61285