```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

**GARY HANCOCK,**

    **Plaintiff,**

**v.**                    **CIVIL ACTION NO. 1:20-00483**

**UNITED STATES OF AMERICA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R"). Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on October 7, 2022. In that Proposed Findings and Recommendation, the magistrate judge recommended that this court grant plaintiff's motion for partial summary judgment and refer the matter back to him for further proceedings.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a party "makes

general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff filed timely objections to the Proposed Findings and Recommendation on October 28, 2022. The court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

On June 16, 2020, plaintiff filed his complaint in this matter alleging claims under the Federal Tort Claims Act ("FTCA"). In that complaint, plaintiff alleges that medical staff at FCI McDowell, where he was incarcerated at the time, gave him the wrong medication on several occasions in January and February 2018. According to Magistrate Judge Aboulhosn, the undisputed facts show:

1) Plaintiff was prescribed Levetiracetam for seizures.

2) Plaintiff mistakenly received the antibiotic Levaquin on five occasions over the course of seven days instead of his prescribed Levetiracetam.

3) On February 5, 2018, medical staff discovered that the medication in the bottle identified as Levetiracetam was actually Levaquin.

ECF No. 78 at 6. In his PF&R, Magistrate Judge Aboulhosn recommended that Hancock's motion for partial summary judgment be granted "on the issue that the FBOP's pharmacist committed negligence in violation of the applicable standard of care." ECF No. 78 at 16.

Hancock objects to the magistrate judge's conclusion that "causation is not 'reasonably direct or obvious' as to obviate the need for expert testimony." See ECF No. 80. According to Hancock, "expert testimony should not be required to establish causation as the lack of skill on the part of the FBOP pharmacist was so grossly negligent as to obviously be the cause of plaintiff's injuries." Id. The court disagrees.

Under West Virginia Code § 55-7B-3(a), the "necessary elements of proof" to support a medical malpractice cause of action are:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
>
> (2) Such failure was a proximate cause of the injury or death.

"[A] defendant's failure to meet the applicable standard of care 'shall be established . . . by testimony of one or more knowledgeable, competent expert witnesses if required by the court.'" Dellinger v. Pediatrix Medical Group, P.C., 750 S.E.2d

668, 673 (W. Va. 2013) (quoting W. Va. Code § 55-7B-7(a)); see also Roberts v. Gale, 139 S.E.2d 272, 276 (W. Va. 1964) ("It is the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses.").

According to Hancock, expert testimony is unnecessary to show causation as he will testify that he began to experience adverse side effects immediately after taking the wrong medication. See ECF No. 80 at 2. Plaintiff's assertion to the contrary, it is not as simple as that. As one court explained:

> Plaintiffs assert no expert testimony is needed, because any juror can find negligence for an improperly filled prescription. This argument fails because it answers the wrong question. Walgreen's clearly erred. But the question which needs expert information is whether the substitution of quinine for quinidine can cause the untoward physical and psychiatric symptoms for which the plaintiffs seek damages. While expert testimony may not be needed to show a standard of care in filling prescriptions, plaintiffs must still show causation. . . . Expert testimony is needed to establish such causation.

Ellingson v. Walgreen Co., 78 F. Supp. 2d 965, 968 (D. Minn. 1999). Other courts have likewise concluded that expert testimony is required to show causation when an individual is prescribed the wrong medication. See, e.g., Crum v. United States, Civil Action No. 06-250 Erie, 2009 WL 693262, at *9 (W.D. Pa. Mar. 13, 2009) ("[E]ven if Plaintiff's reliance on a medical textbook is deemed sufficient to show that Olson breached his standard of care by prescribing "the wrong medication," there is

nothing in the record before this Court, other than Plaintiff's speculation, to establish the necessary causal connection between Plaintiff's use of Tegretol for a closed period of three months and the litany of injuries Plaintiff claims to have suffered as a result.  To establish such a connection, expert medical testimony is required."); Colon v. Correct Care Solutions, LLC, No. 834 C.D. 2018, 2019 WL 3729803, at *6 (Pa. Commw. Ct. Nov. 2, 2018) ("Colon cannot establish that he was given the 'wrong' medication and that the medication caused his damages without providing expert testimony."); Ruiz v. Wallgreen Co., 79 S.W. 3d 235, 239 (Tex. June 6, 2002) ("[A]ssuming . . . the Ruizes would not need an expert to testify that it is unacceptable for a pharmacist to give a patient a different medication than the one prescribed, the Ruizes still need an expert.  They would still be required to prove they were injured, and that the pharmacist's negligence proximately caused their injuries.").

According to West Virginia's highest court, "[i]n a malpractice case, the plaintiff must not only prove negligence but must also show that such negligence was the proximate cause of the injury."  Dellinger v. Pediatrix Medical Group, P.C., 750 S.E.2d 668, 676 (W. Va. 2013) (internal citations and quotations omitted).  In order to show causation, expert testimony will almost certainly be required, see Roberts, 139 S.E.2d at 276, and the failure to provide it will be fatal to a plaintiff's

case. See Dellinger, 750 S.E.2d at 677 ("While petitioner urges that the jury may nonetheless infer proximate cause notwithstanding her lack of medical testimony on this issue, we find there is quite simply nothing upon which a jury may make such an inference beyond abject speculation. The lack of expert medical testimony as to causation was therefore equally fatal to petitioner's case as her failure to present a disputed issue of material fact on medical negligence."); Farley v. Shook, 629 S.E.2d 739, 745 (W. Va. 2006) (finding summary judgment proper in medical malpractice case where plaintiffs' expert was "unable to link any of the[] alleged breaches in care to the ultimate outcome"). This is not the type of case where causation is direct or obvious and, therefore, the court agrees with Magistrate Judge Aboulhosn that expert testimony is required.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court hereby **OVERRULES** plaintiff's objection. The court adopts the findings and recommendations contained in the PF&R. Accordingly, the court **GRANTS** plaintiff's motion for partial summary judgment and refers the matter back to Magistrate Judge Aboulhosn for further proceedings.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record and to any unrepresented party.

It is **SO ORDERED** this 29th day of March, 2023.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge