```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**GARY HANCOCK,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 1:20-00483**

**UNITED STATES OF AMERICA,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R"). Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on May 18, 2023. In that Proposed Findings and Recommendation, the magistrate judge recommended that this court grant defendant's motion to dismiss, or in the alternative, for summary judgment, and remove the matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  The failure of any party to file such

objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).

After being granted an extension of time for doing so, plaintiff filed timely objections to the Proposed Findings and Recommendation.  In his objections, Hancock writes that he "hereby objects to the Court's recommendation that the defendant's Motion to Dismiss (Document No. 89) be granted."  ECF No. 96.

Pursuant to Federal Rule of Civil Procedure 72(b), the court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  "[S]pecific written objections" are required.  Id.  This court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to de novo review.").

"A document filed pro se is 'to be liberally construed.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Specifically as to objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly."  Beck v. Comm'r of Internal Revenue Serv., 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997) (citing Orpiano, 687 F.2d at 48).  However, objections that are "unresponsive to the reasoning contained in the PF&R" are irrelevant and must be overruled.  Kesterson v. Toler, 2009 WL 2060090, at *1 (S.D.W. Va. July 7, 2009) (citing Orpiano, 687 F.2d at 47).  In the absence of specific objections to a PF&R, the court reviews only for clear error, Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and the court need not give any explanation for adopting the magistrate judge's recommendation.  Camby v. Davis, 718 F.2d 198, 199-200 (4th Cir. 1983).

Plaintiff's objection is general and conclusory and does not direct the court to any specific error in the PF&R.  Accordingly, construing his objection liberally, the court finds no clear error in the PF&R.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court hereby **OVERRULES** plaintiff's objection.  The court adopts the findings and recommendations contained in the PF&R.  Accordingly, the court **GRANTS** defendant's

motion to dismiss, or in the alternative, for summary judgment, and directs the Clerk to remove the matter from the court's docket.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record and to any unrepresented party.

It is **SO ORDERED** this 29th day of March, 2024.

ENTER:

David A. Faber
Senior United States District Judge